In the District Court of the United States
For the District of South Carolina

BEAUFORT DIVISION

| | |
|---|---|
| **Howard L. Johnson, #271120,** ) | |
| ) | Civil Action No. 9:07-2954-RBH-GCK |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Warden of McCormick** ) | **OF THE MAGISTRATE JUDGE** |
| **Correctional Institution,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

## I.     INTRODUCTION

The Petitioner, Howard L. Johnson ("Petitioner" or "Johnson"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). This case is before the undersigned United States Magistrate Judge pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C. The above-named Respondent has filed a motion for summary judgment. [16] As this is a dispositive motion, this Report and Recommendation is submitted for review by the District Court.

## II.     *PRO SE* PETITION

Johnson is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been

made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case with the present Petition.

### III.    PROCEDURAL HISTORY IN STATE COURT

### A.  Proceedings in the Court of General Sessions

The Spartanburg County Grand Jury indicted Johnson at the November 2000 term of court for petit larceny (2000-GS-42-3949) and second-degree burglary, violent (00-GS-42-3950).  The indictment stated:

> That Howard Lee Johnson did in Spartanburg County on or about March 2, 2000, wilfully and unlawfully enter without consent and with intent to commit a crime therein, to wit:  the business belonging to Fast Phil's at 12020 Asheville Highway, Inman, South Carolina, having had two prior convictions for burglary and housebreaking, and the defendant did enter in the nighttime, in violation of §16-11-312, THE CODE OF LAWS OF SOUTH CAROLINA  (1976, as amended).

Attorney John Abdalla represented Johnson on these charges.  On November 30 - December 1, 2000, Johnson appeared before the Honorable J. Derham Cole and a jury.  Johnson was found guilty and Judge Cole sentenced him to life imprisonment for second-degree burglary pursuant to S.C. Code Ann. § 17-25-45 and 30 days concurrent for petit larceny.  (App. pp. 1; p. 213; pp.268-69; pp. 272-73).

Johnson timely served and filed a notice of direct appeal from his conviction and sentence.  Assistant Appellate Defender Robert M. Pachak of the South Carolina Office of Appellate Defense was appointed to represent Johnson in his direct appeal.  In a Final Brief of Appellant, he raised the following issue:

> Whether the trial court erred in refusing to grant a directed verdict to second degree burglary where the state failed to prove that appellant entered the building without consent?

The South Carolina Court of Appeals affirmed the Petitioner's conviction and sentence.  *State v. Johnson*, Op. No. 3441, 348 S.C. 442, 559 S.E.2d 864 ( S.C. Ct App. filed February 4, 2002).  (Tab #3)  (App. pp. 163-166)  The Remittitur was sent down on February 21, 2002.  (Tab #4)

### B.  Johnson's Application for Post-Conviction Relief

On September 5, 2002, Johnson filed his application for post-conviction relief (the "APCR"). In his APCR, he raised two claims:

(1) Ineffective assistance of counsel.

(2) Material variance. Court lacked subject matter jurisdiction.

The State filed its Return on June 20, 2003. An evidentiary hearing in the matter was held before the Honorable J. Mark Hayes, II, on June 23, 2004 in the Spartanburg County Courthouse. Johnson was present and represented by Rodney Richey, Esquire. Respondent was represented by Paula S. Magargle, Assistant South Carolina Attorney General. (App. p. 219) By Order dated July 15, 2004, Judge Hayes denied the application. (App. p. 267)

Johnson timely appealed from Judge Hayes' Order Denying his Application for PCR by Writ of Certiorari to the South Carolina Court of Appeals pursuant to SCACR Rule 227. The Notice of Appeal was filed April 5, 2005. Johnson was represented in this appeal by Robert Pachak. In this appeal, Johnson raised only one issue:

> Whether defense counsel was ineffective in failing to object when the trial judge added an element to the jury instruction on burglary that was not contained in petitioner's indictment?

(Petition, Tab #5, p. 2) The Respondent made a Return on August 19, 2005 through Assistant Attorney General Molly Crum. (Tab #6) On September 15, 2006, the Court of Appeals entered its order denying the petition for writ of certiorari. (Tab #7) On October 13, 2006, the remittitur was entered. (Tab #8)

## IV. FEDERAL COURT HISTORY

Johnson is presently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Johnson filed this Petition for a writ of habeas corpus (the "Petition") on August 23, 2007, against the above-captioned Respondent,

Warden of McCormick Correctional Institution.[1]  [1].  In his *pro se* Petition, Johnson raised four (4) grounds for relief:

> I:      Ineffective Assistance of Counsel.
>
> A.      Trial counsel failed to inform me of all the elements that constitute the charge of burglary (remaining) so that I could make an informed and intelligent plea. Had counsel informed me that "remaining" was an element of burglary and that I was identified as the person on the video that I could be convicted for remaining in the building even if the initial entry into the building was lawful, there would never have been a trial.  See App. p. 225, ll. 19-25 to 231, l. 1-4).  I would have accepted the offered plea of zero to ten years. (App. p. 236, ll. 10-25 , 237, ll. 1-15).
>
> > 1.      He contends that counsel never advised him that remaining was an element.
> >
> > 2.      He asserts that on the words of the indictment he thought he was not guilty as charged because an unlawful entry could not be proven.
> >
> > > A.      He contends appellate counsel was ineffective and did not search the record for any and all available grounds for relief and the issue could not be raised in the direct appeal.
>
> II.      Ineffective Assistance of Counsel.
>
> > A..      Trial counsel failed to request a curative instruction where uniformed police officer's testimony brought defendant's character into question in the beginning of the trial and defendant had never been on the stand.  (See App. p. 231, ll. 14-25 to 232, l. 1-9).  The testimony amounted to evidence of prior bad acts, put my character in evidence, had no foundation and was so highly prejudicial petitioner was denied a fair trial. (Tr. p. 28, l. 9-17). Exhibit (See App. p. 231, l. 14 -25 to p. 232, l. 9)  See attached pages 2X and 3.  The officer's inflammatory testimony taken together with the clerk of court's testimony of prior bad acts of the same nature as the crime on trial was so highly prejudicial petitioner was denied a fair trial.
> >
> > > 1.      Officer Godfrey testified that he was reviewing the video, he saw a subject that he was familiar with because he had dealings with him before.  Counsel objected but refused to request a curative instruction or mistrial.  Tr. 28, App. p. 231 -232.  He contends this testimony amounted to evidence of a prior bad act.  He contends that this testimony suggested that he had a prior criminal record.
>
> III.      Ineffective Assistance of Counsel.
>
> > A.      Trial counsel should have objected to the judge's jury charge that broadened the basis for conviction where the indictment did not allege the"remaining" [in

---

[1] In *habeas corpus* cases, the Petitioner has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition.  In this case, the court has examined the envelope attached to Petitioner's Petition and has determined that the Petition was received by the McCormick Correction Institution mailroom on August 23, 2007.

        the building after hours].  Counsel should have requested that jurors consideration be limited to the manner of committing the crime specified in the indictment.  (See App. p. 232, l. 11-19) AND P. 235, LL. 20-25, P. 236, LL. 1-5).  Under the charge as given, the jury could have relied upon the evidence presented at trial supporting a different method of convicting defendant of an uncharged crime.

    1. He asserts that the state presented evidence that the defendant entered the store lawfully and remained in the store after it closed. However, the court charged under subsection (b) (3) that "entering or the remaining occurs in the nighttime."  He contends that this added an element to the offense.

    2. Counsel should have requested an instruction to limit it to entry.

IV.    Ineffective Assistance of Counsel (see amended pages 5, 6, for argument).

    A.    Trial counsel was ineffective where he failed to request a jury charge that included some mention of petitioner's theory of defense. (See App. p. 232,ll. 20-25 and p. 233, l. 1).  Issue was raised on PCR and counsel failed to request a lesser included offense charge where the evidence was introduced during the trial to support the charge.  Trial Tr. p. (See App.p.233, ll. 23-25, p. 234, l. 1-5) (Trial Tr. p. 117, l. 19-25 - p. 118, l. 5, p. 119,l. 17-25 - 120, l. 1-13, p. 122, ll. 22-p. 122, l. 21).

        1. The defense argued the state had the wrong charge where evidence was that defendant was in the store when it was open and is not guilty because he entered with permission.

        2. Defense argued that prior burglaries was merely an element from this from a burglary third to a burglary second.

        3. Defendant was entitled to an instruction on the lesser included offense of third degree burglary.  Trial counsel failure to request that the judge include in the instruction any mention of defendant's central theory of defense and deprived him of due process.

        4. Counsel failed to request a lesser included offense which left the jury with one option to convict.

        5. Trial counsel failed to protect Due Process under the 14thAmendment where he was unlawfully convicted of a charge not made in the indictment and upon a charge not tried.

        6. Testimony was presented that the Petitioner had two records of conviction for housebreaking and larceny (1978-GS-42-1253) that he pled guilty to on November 17, 1978 and 1979-GS-42-530which the Petitioner pled guilty on March 13, 1978. He contends that the conviction was invalid because he was not represented by counsel not was the indictment true billed or signed by the foreman. He asserts that this evidence caused him to be sentenced to life due to prior offenses. Counsel allowed the clerk of court to testify which was prejudicial where the 1978 crime was inflammatory. Counsel failed to investigate the validity of the indictment and failed to move to quash.

On September 4, 2007, the undersigned issued an Order which authorized service upon the Respondent and notified Johnson of the change of address rule. [6]   Thereafter, after requesting and receiving an extension of time, on November 28, 2007, the Respondent filed a Motion for Summary Judgment [16], a Return and Memorandum of Law in Support of Motion for Summary Judgment (collectively, the "Return") [15] and supporting exhibits.

The undersigned issued an Order filed on November 29, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Johnson of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondent's Return.[2]  [17]   After requesting and receiving an extension of time to respond to the summary judgment motion, Johnson filed his response to the Respondent's Return on February 1, 2008.  [29]

## V.   HABEAS CORPUS REVIEW

### A.  The Antiterrorism and Effective Death Penalty Act

The present habeas corpus petition was filed on August 23, 2007.  Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of his collateral attack on his criminal conviction is governed by the parameters set forth in the AEDPA, which amended Section 2254.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 521 U.S. 371 (1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).

---

[2]   The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

### B.  The AEDPA's Statute of Limitations

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  A "properly filed application for State post-conviction relief" tolls the time for filing.  28 U.S.C. § 2244(d)(2).  While state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4 (2000), it does not establish a right to file within one year after completion of collateral review.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review; instead, the one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court); *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000).  Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court.  *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001) ("neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1)"); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002) (application for state collateral review remains pending during the time to seek further review in the state courts, "until the application has achieved final resolution through the State's post-conviction procedures"[.]).  "[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation against the party.' "  *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), *quoting Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

In the present case, the Petitioner's conviction became final on February 21, 2002 when the remittitur by the Court of Appeals was entered after the Petitioner did not seek either rehearing or certiorari to the South Carolina Supreme Court.  Next, on September 5, 2002, the Petitioner filed his APCR.  Therefore, under 28 U.S.C. Section 2244, the statutory time ran from the date his conviction became final on February 21, 2002 until the date he filed his APCR on September 5, 2002, which is 196 days.  Thus, Petitioner had 169 days remaining of non-tolled time.  The statutory time tolled until certiorari was denied in the PCR appeal and remittitur was entered on October 13, 2006.  After that date, the Petitioner had 169 days remaining to file his federal habeas corpus petition, which means he had until March 31, 2007 to file.  However, Petitioner failed to timely deliver his Petition by this date; instead, Petitioner did not file the present Petition until August 23, 2007, almost five months late.

It appears, too, that Petitioner is not entitled to equitable tolling even if available.  *Pace v. DiGuglielmo*, 544 U.S.408, 125 S.Ct. 1807 (2005) (denying equitable tolling where the petitioner waited years to file his habeas action.)  Petitioner has offered no valid explanation in his habeas petition to explain why it is untimely and why the statute of limitations should be equitably tolled.  "The 1 year limitation period of Section 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments."  *Duncan v. Walker*, 533 U.S. at 179.   While the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling, *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)[3] it also underscored the very limited circumstances where equitable tolling will be permitted.  *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc).  The limits on equitable tolling stem from the fact that "Congress enacted AEDPA to reduce delays in execution of state and federal criminal sentences, particularly capital cases...and to further principles of comity, finality and

---

[3] The United States Supreme Court has assumed, without deciding, that equitable tolling is applicable in the habeas setting.  See *Lawrence v. Florida*, – U.S. –, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

federalism.". *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted).

"To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) and some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, – U.S. –, 127 S.Ct. 1079, 1085 (2007)(citation omitted) (holding petitioner was not entitled to equitable tolling when at the time he neglected to file timely, law was not questionable where federal circuits were in agreement petitioning U.S. Supreme Court for cert. did not toll habeas corpus statute of limitations). The requirement that the Petitioner prove he was prevented from timely filing by extraordinary circumstances which were beyond his control or external to his own conduct does not include the failure of his attorney to advise him of the statute of limitations or mis-advice from counsel. *Id*. ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel"); *Rouse*, *supra*. Ignorance of the statute of limitations or inadequacy of the prison law library also do not suffice. *See Marsh v. Soares*, 223 F.3d 1217 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"(quotation omitted)); *Id*. (holding assistance petitioner received from inmate law clerk did not relieve him of personal responsibility to file within AEDPA's one-year period); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding illiteracy does not merit equitable tolling). *See also Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) (recognizing that the lack of access to library materials does not automatically qualify as grounds for equitable tolling) *cert. denied*, 535 U.S. 1055 (2002).

There is nothing in the record nor has Petitioner put forth any facts to support the theory that equitable tolling applies in this case. First, Petitioner has not shown he has

pursued his rights diligently. Second, Petitioner has not shown that some extraordinary circumstance stood in his way and prevented him from timely filing, especially where, in this case, Petitioner could have filed this habeas petition any time before the expiration of the statute of limitations in which to file a habeas petition. *Pace, supra*. Therefore, Petitioner is barred by Section 2244(d)(1).

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Respondent's Motion for Summary Judgment **[16] should be granted**.

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

April 4, 2008
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).